UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 12-58-GFVT |
| V. | ) | |
| HAROLD EATON, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 339] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant, Harold Eaton, is charged with three violations of his supervised release including committing another crime by operating a motor vehicle while under the influence of alcohol and the failure to report his arrest for that crime to his probation officer within seventy-two hours.  [*Id*. at 1-2.]  After Eaton was stopped by law enforcement on February 20, 3016, and submitted to a breathalyzer test resulting in a .247 blood alcohol content, he pled guilty to the charge in Laurel County District Court.  [*Id*.]  Upon notification of these violations, this Court conducted an initial appearance on March 25, 2016.  [R. 335.]  This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter.

Concerning the instant offense, Judge Ingram conducted a final hearing on March 31 2016, during which Defendant Eaton competently stipulated to all charged violations.  [*Id*.; R. 339 at 2.]  On April 4, 2016, Judge Ingram issued a Recommended Disposition which

recommended revocation of Eaton's term of supervised release and a term of incarceration for four (4) months with three years of supervised release to follow. [R. 339 at 6-7.] Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and particularly noted Eaton's prior conviction for driving under the influence, the serious danger such conduct poses to himself and the public as a whole, the troubling nature of Eaton's violation of the Court's trust in this instance, and the fact that this conduct occurred so soon after his term of supervision began. [*Id*. at 4-6.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 7.] *See* 28 U.S.C. § 636(b)(1). Defense counsel has filed a notice with the Court advising that Eaton waives his right to allocution and has submitted that waiver. [R. 340.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 339**] as to Defendant Harold Eaton is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Eaton is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Eaton's Supervised Release is **REVOKED**;

4. Eaton is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **four (4) months** with a term of **thirty-six (36) months of supervised release** to follow under the conditions previously imposed at Docket Entry 261; and

6. Judgment shall be entered promptly.

This the 21st day of April, 2016.

Gregory F. Van Tatenhove
United States District Judge